# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 08-915V
Filed: November 12, 2014
Not to be Published

* * * * * * * * * * * * * * * * * * * * * * * * *
```
                                        *
CHAD A. AESCHLIMANN and                 *
LAURA A. AESCHLIMANN,                   *
parents and natural guardians           *
of T.R.A., a minor,                     *
                                        *
        Petitioners,                    *      Autism; Petitioners' Motion for a
                                        *      Decision Dismissing the Petition;
                v.                      *      Insufficient Proof of Causation; Vaccine
                                        *      Act Entitlement; Denial Without Hearing
SECRETARY OF HEALTH AND                 *
HUMAN SERVICES,                         *
                                        *
        Respondent.                     *
                                        *
```
* * * * * * * * * * * * * * * * * * * * * * * * *


## DECISION[1]


       On December 23, 2008, Petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that various vaccinations injured T.R.A.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On November 11, 2014, Petitioners moved for a decision dismissing the petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation. I agree with Petitioners that the information in the record does not show entitlement to an award under the Program.

To receive compensation under the Program, Petitioners must prove either 1) that T.R.A. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of T.R.A.'s vaccinations, or 2) that T.R.A. suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that T.R.A. suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that T.R.A.'s alleged injury was vaccine-caused.

Accordingly, it is clear from the record in this case that Petitioners have failed to demonstrate either that T.R.A. suffered a "Table Injury" or that T.R.A.'s injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master